UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

LAMARR FLETCHER,

    Petitioner,

v.

FRANCISCO J. QUINTANA, Warden,

    Respondent.

Civil Action No. 5:13-216-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Lamarr Fletcher ("Fletcher") is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Fletcher, proceeding *pro se*, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that the Bureau of Prisons ("BOP") improperly failed to award him credit of 2 years and 11 months of prior custody credit that should have been applied to his current federal sentence, in compliance with the sentencing court's recommendation. In this action, Fletcher seeks the award of that time to his sentence. [R. 1] Fletcher has paid the $5.00 filing fee.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)).

The Court evaluates Fletcher's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Fletcher's factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed this § 2241 petition, the Court must deny it as an abuse of the writ.

## BACKGROUND

In 2006, Fletcher was convicted on federal drug charges in the United States District Court for the Middle District of Tennessee and received a 168-month sentence. *See United States v. Lamarr Fletcher*, No. 3:03-00190-02 (M.D. Tenn. 2003) [R. 466 therein]. On May 4, 2010, Fletcher was re-sentenced and received the same 168-month sentence as previously imposed; however, on re-sentencing, it was ordered to run concurrently with all state sentences. *See* Amended Judgment. [*Id*. at R. 620, p. 2 therein] The Court also made the following recommendation to the BOP: "Credit for time served since arrest on October 21, 2003." *Id.* However, the Court advised Fletcher that while the Court could recommend this jail credit since October 21, 2003, it was a recommendation, not an order. The Court specifically stated:

> . . . My view of this area of the law is it is up to the Bureau of Prisons to determine credit for time served. That it is not an issue for the Court. I certainly will recommend to the Bureau of Prisons that Mr. Fletcher get credit for time served since October 21, 2003, but this is a recommendation; it is not an order. It is not binding on the Bureau of Prisons.
>
> . . .
>
> I am going to recommend credit for time served since October 21, 2003, but as I indicated earlier, that's a recommendation, and the Bureau of Prisons has the decision on that.

Transcript of Proceedings, Sentencing Hearing, May 3, 2010, pp. 49, 52 [R. 1-5, pp. 4, 6]

On November 24, 2009, Fletcher filed a prior habeas petition pursuant to 28 U.S.C. § 2241 in this Court requesting sentencing credit of 2 years and 11 months on his federal sentence.[1] *See Lamarr Fletcher v. Attorney General of the United States, et al.*, No. 5:09-379 (E.D. Ky. November 24, 2009) [R. 2 therein]  In a <u>Memorandum Opinion and Order</u> ("MOO") entered on October 5, 2010, the Court denied Fletcher's First 2241 Petition and dismissed the case. [R. 19, 20 therein] Fletcher appealed that dismissal.  On October 31, 2012, the Sixth Circuit Court of Appeals affirmed the denial of Fletcher's First 2241 Petition. [R. 29 therein]  *See also, Lamarr Fletcher v. Attorney General of the United States, et al.,* No. 10-6277 (6th Cir. October 31, 2012) [unpublished].

Fletcher's criminal history, summarizing both his state court conviction and sentences in Tennessee and his federal conviction and sentence, is set out in chronological detail in the MOO dated October 5, 2010, that was entered in Fletcher's First 2241 Petition.  In the interests of judicial economy, the Court incorporates by reference herein the October 5, 2010 MOO, as well as the entire court record in Fletcher's First 2241 Petition.

In Fletcher's First 2241 Petition, he claimed that the BOP had failed to award him credit of 2 years and 11 months on his federal sentence, credit to which he was entitled by reason of an order from the sentencing court and the Amended Judgment entered in his underlying federal case in the Middle District of Tennessee on May 3, 2010, wherein the sentencing court ordered that his 168-month federal sentence run concurrently with all state sentences.

## DISCUSSION

Fletcher's present 2241 petition concerns the exact same sentencing credit that was at issue in his First 2241 Petition which was resolved against Fletcher.  The present petition is a classic

---

[1] Hereafter, this petition will be referred to as Fletcher's "First 2241 Petition."

example of a successive 2241 petition to which the abuse-of-the-writ doctrine applies. This doctrine precludes consideration of Fletcher's repetitive claim in this proceeding. A district court may refuse to entertain a repeat application for the writ by a federal prisoner "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a).

While principles of claim and issue preclusion do not apply in the habeas context in the same manner as they do to a civil claim, *McClesky v. Zant*, 499 U.S. 467, 480–81 (1991) ("res judicata does not apply 'to a decision on habeas corpus refusing to discharge the prisoner.'"), *but see Smith v. Reno*, 3 F. App'x 403 (6th Cir. 2001) (applying the claim preclusion doctrine to bar reassertion of claims previously considered and rejected in prior habeas corpus petition filed under § 2241), the abuse of the writ doctrine serves a similar role in counseling against considering the merits of the same claim presented in successive habeas corpus petitions. *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 766 (6th Cir. 2008); *Rosales–Garcia v. Holland*, 322 F.3d 386, 398–99 n. 11 (6th Cir. 2003).

"[W]here a prisoner files a petition or engages in other conduct that 'disentitle[s] him to the relief he seeks,' the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ." *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1985) (internal citations omitted); *see also Zayas v. INS*, 311 F.3d 248, 255 (3d Cir. 2002) (Section 2241 habeas petitions are subject to abuse of the writ doctrine); *Allen v. Wilson*, 2011 WL 165389, at *2 (E.D. Ky. Jan. 19, 2011) (applying the abuse of the writ doctrine to bar consideration of the merits of a claim which had been presented in successive habeas corpus petitions).

Because Fletcher, in his First § 2241 Petition, unsuccessfully challenged the BOP's decision not to follow the sentencing court's recommendation that he receive credit on his federal sentence for time served since his arrest on October 21, 2003, the Court will not address the merits of the identical claim which he now presents in this proceeding. The Court will deny Fletcher's current § 2241 petition as an abuse of the writ and dismiss this proceeding with prejudice.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Lamarr Fletcher's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

Dated this 2nd day of December, 2013.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY